1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JOSEPH JANULEWICZ,<br><br>                            Plaintiff,<br>vs.<br><br>BECHTEL CORPORATION,<br><br>                            Defendant. | CASE NO. 06-CV-1413-H (WMC)<br><br>ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS AND MOOTING ORDER TO SHOW CAUSE |
|---|---|

On July 10, 2007, plaintiff Joseph Janulewicz ("Plaintiff") filed a first amended complaint ("FAC") against defendant Bechtel Corporation ("Defendant") alleging a claim for violation of section 6310 of California's Labor Code. (Doc. No. 33.) On July 27, 2007, Defendant filed a motion to dismiss Plaintiff's FAC and a motion to strike Plaintiff's jury demand and his request for certain damages. (Doc. No. 34.) On August 14, 2007, Plaintiff filed an opposition to Defendant's motions. (Doc. No. 36.)  On August 17, 2007, Defendant filed a reply. (Doc. No. 37.)

On August 20, 2007, the Court filed an order to show cause why this suit should not be dismissed for failure of either party to appear at, or request a continuance of, the previously scheduled pretrial conference on August 20, 2007. (Doc. No. 38.)

On August 27, 2007, the Court held a hearing on Defendant's motions. Attorney Marcus Jackson appeared for Plaintiff and attorney Thomas M. McInerney appeared

telephonically for Defendant at the hearing. For the following reasons, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss Plaintiff's claim pursuant to § 6310 of California's Labor Code and concludes the order to show cause is moot.

## Background

Plaintiff began working for Defendant at the San Onofre Nuclear Generating Station ("SONGS") in June 2000 as a journeyman ironworker, and worked there intermittently until October 2004 pursuant to rotating jobs and hiring practices. (FAC ¶¶ 7, 10.) Defendant performs services at SONGS pursuant to a contract it has with Southern California Edison ("SCE"). (Id. ¶ 7.)

In June 2006, Plaintiff filed a complaint in San Diego County Superior Court for wrongful termination in violation of public policy, violations of California's Labor Code, negligent supervision, and intentional infliction of emotional distress. (Compl. ¶¶ 1-38 (Doc. No. 1).) Defendant removed the suit to federal court. (Notice Removal, at 1-4 (Doc. No. 1).) On June 11, 2007, the Court granted with prejudice Defendant's motion to dismiss Plaintiff's claims for wrongful termination in violation of public policy, intentional infliction of emotional distress, violations of sections 6402, 6403, and 6404 of California's Labor Code, and negligent supervision. (Doc. No. 28.) The Court also granted without prejudice Defendant's motion to dismiss Plaintiff's claims for violations of sections 98.6, 1102.5, 6310, and 6311 of California's Labor Code. (Id.) On July 10, 2007, Plaintiff filed a FAC against Defendant alleging a claim for violation of section 6310 of California's Labor Code.

## Discussion

**I.  Judicial Notice**

Judicial notice may be taken of facts not subject to reasonable dispute in that they are "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." See Fed. R. Evid. 201(b). The Court has previously taken judicial notice

of the fact that SONGS is located within the federal enclave of Camp Pendleton, which was acquired by the United States no later than December 31, 1942 (Doc. No. 28), and does so again for purposes of this motion.  Although Plaintiff asks the Court to consider minutes from California's State Land Commission that discuss the retrocession of property from the federal government to California that borders the property on which SONGS is located, as he did in association with Defendant's motion to dismiss Plaintiff's original complaint, the Court again concludes that these documents support the conclusion that SONGS is located on a federal enclave. (See Req. Judicial Notice Opp. Motion Dismiss (Doc. No. 24-2), Ex. A, at 7 (defining land retroceded as "extending southeasterly a distance of eighteen thousand, two hundred twenty feet (18,220) from the southeast boundary of an easement for construction and operation of a nuclear generating station, granted to Southern California Edison Company and San Diego Gas and Electric Company . . . .").)

**II.   Motion to Dismiss**

**A.   Legal Standards For Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint does not need detailed factual allegations to survive a motion to dismiss, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Rather, to survive a motion to dismiss pursuant to Rule 12(b)(6), factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. See id. at 1965.

Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation.  See North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983).  Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  If a complaint is found to fail to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

As a general matter, a court may only consider the pleadings and judicially noticed facts in deciding a 12(b)(6) motion.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990).  Material that is properly attached to the complaint may properly be considered for purposes of a motion to dismiss without converting the motion into one for summary judgment.  See id. at 1555 n.19.  Also, a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  This doctrine extends to situations in which the plaintiff's claim depends on the contents of a document and the defendant attaches the document to its motion to dismiss, even though the plaintiff does not explicitly allege the contents of that document in the complaint.  See id.

### B. Federal Enclave Doctrine

Defendant alleges that Plaintiff's claim pursuant to section 6310 of California's Labor Code is barred by the federal enclave doctrine.

Article I, Section 8, Clause 17 of the United States Constitution provides that Congress shall have the power to exercise exclusive legislation over all places purchased by the consent of the legislature of the state in which the same shall be.  This constitutional provision grants federal courts federal question jurisdiction over tort claims that arise on federal enclaves.  See Durham v. Lockheed Martin Corp., 445 F.3d

1247, 1250 (9th Cir. 2006); see also Schwarzer et al., supra, ¶ 2:89.10, p. 2B-30. Furthermore, the enclave clause permits the continuance of those state laws existing at the time of the surrender of sovereignty, except insofar as they are inconsistent with the laws of the United States or with the governmental use for which the property was acquired, unless they are abrogated by Congress, so that no area may be left without a developed legal system for private rights. See Pacific Coast Dairy v. Department of Agriculture of Cal., 318 U.S. 285, 294 (1943); James Stewart & Co. v. Sadrakula, 309 U.S. 94, 99-100 (1940). Because the federal government has exclusive jurisdiction, such laws become federal laws, although having their origin in the laws of the state. See James Stewart & Co., 309 U.S. at 100; Mater v. Holley, 200 F.2d 123, 124 (5th Cir. 1952); see also 91 C.J.S. United States § 15 (2006).

Only state laws in effect at the time of cession or transfer of jurisdiction, however, can continue in operation. See James Stewart & Co., 309 U.S. at 100. Laws subsequently enacted by the state are inapplicable in the federal enclave unless they come within a reservation of jurisdiction or are adopted by Congress. See id.; Paul v. United States, 371 U.S. 245, 268 (1963); 91 C.J.S. United States § 15.

The Court has taken judicial notice of the fact that SONGS is located within the federal enclave of Camp Pendleton, which was acquired by the federal government no later than December 31, 1942. Section 6310 of California's Labor Code was enacted as part of the California Occupational Safety and Health Act of 1973 ("Cal/OSHA"). See Cal. Stats. 1973, ch. 993, § 59, p. 1930; see also Division of Labor Law Enforcement v. Sampson, 64 Cal. App. 3d 893, 895 (1976) ("Labor Code section 6310 is a part of the California Occupational Safety and Health Act of 1973.") Therefore, since § 6310 was enacted after SONGS became a federal enclave, it is inapplicable within SONGS unless it comes within a reservation of jurisdiction by California or was adopted by Congress. See Paul, 371 U.S. at 268; see also Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 180 (1988) ("The activities of federal installations are shielded by the Supremacy Clause from direct state regulation unless Congress provides 'clear

and unambiguous' authorization for such regulation."); id. at 181 n.1 ("Direct state regulation of federal facilities is allowed only to the extent that Congress has clearly authorized such regulation.").

Plaintiff, relying on Taylor v. Lockheed Martin Corp., 78 Cal. App. 4th 472 (2000), argues that Congress has authorized the enforcement of § 6310 in federal enclaves. In Taylor, the state appellate court held that a plaintiff was able to bring a claim for alleged violations of the whistleblower provisions of subsections (a) and (b) of § 6310[1] occurring on an Air Force base. See Taylor, 78 Cal. App. 4th at 483-85. The Taylor court reasoned that the U.S. Secretary of Labor's approval of the California Occupational Safety and Health Act ("Cal/OSHA"), which provided for a private right of action against employers, "is the equivalent of congressional action" for the purpose of permitting a plaintiff to assert a claim for relief under Cal/OSHA against a federal enclave contractor, and allows state safety regulation of federal enclaves when the responsible federal agency does not claim "exclusive jurisdiction." See id. at 483-85 (citing Cal. Labor Code § 6303 (defining "place of employment" within California as "any place, and the premises appurtenant thereto, where employment is carried on, except a place the health and safety jurisdiction over which is vested by law in, and actively exercised by, any state or federal agency . . . ."); 29 C.F.R. § 1952.172(b)(4) (providing "[t]he U.S. Department of Labor will continue to exercise authority, among

---

[1] Section 6310 provides in part that:
(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: [¶] (1) Made any oral or written complaint to the [Division of Occupational Safety and Health], other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, . . . .

(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because such employee has made a bona fide oral or written complaint to the [Division of Occupational Safety and Health], other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

other things, with regard to: [] . . . . (4) Private contractors on Federal installations where the Federal agency claims exclusive Federal jurisdiction, challenges State jurisdiction and/or refuses entry to the State . . . ."). Since the federal agency responsible for the federal enclave, the United States Air Force, allowed inspectors from California's Division of Occupational Safety and Health to investigate the plaintiff's complaint that his termination from a civilian contractor operating on the Air Force base was racially motivated and was in retaliation for a previous complaint regarding safety equipment, the Taylor court concluded that the federal agency did not claim exclusive jurisdiction, and therefore California's occupational safety laws applied since the federal agency was not actively exercising its jurisdiction. See id. Plaintiff argues that this Court should similarly conclude that 29 U.S.C. § 667(b), which creates a process whereby states may enact laws regarding occupational safety or health issues to preempt federal standards, and 29 C.F.R. 1952.172(4), permit Plaintiff to bring his claims pursuant to § 6310 because no federal agency is actively exercising exclusive jurisdiction over SONGS. Plaintiff also argues that the fact that California's Division of Occupational Safety and Health has issued a citation to Bechtel Power Corporation regarding violations of asbestos regulations at SONGS in January 2003 demonstrates that Congress has authorized general state regulation at SONGS.

Defendant argues that Taylor incorrectly concluded that approval of Cal/OSHA by the U.S. Secretary of Labor permits, under certain circumstances, enforcement of Cal/OSHA within a federal enclave, because such approval does not constitute the clear and unambiguous congressional approval required to permit state regulation within a federal enclave. See Goodyear Atomic Corp., 486 U.S. at 180; Hancock, 426 U.S. at 179. Rather, Defendant argues, the Court should adopt the reasoning of Department of Labor & Indus. v. Dirt & Aggregate, Inc., 120 Wash. 2d 49 (1992), in which the Washington Supreme Court concluded that a status agreement between the state and the Secretary of Labor did "not constitute a specific and unambiguous grant of

authority" to the state to enforce state laws in a federal enclave. See Department of Labor & Indus., 120 Wash. 2d at 54 ("Absent a specific provision, [an] attempt to imply a grant of authority from general language in OSHA is simply not sufficient to support state regulation."). The Department of Labor & Indus. court added that "[i]t is highly questionable that the [U.S.] Secretary of Labor has the power to independently allow states to enforce workers' safety laws within a federal enclave." Id. at 55 n.4. Additionally, the court concluded that even if a state intends its safety and health statutes to apply to federal enclaves, under the supremacy clause, federal law preempts conflicting state legislation. See id. at 56.

It appears to the Court that the Department of Labor & Indus. court's conclusion that the approval of the U.S. Secretary of Labor of a state occupational safety and health statute is not the equivalent of the clear and unambiguous congressional approval required to permit a plaintiff to bring a claim pursuant to a state law for actions occurring at a federal enclave is correct. See Association of Public Agency Customers, Inc. v. Bonneville Power Admin., 126 F.3d 1158, 1173 (9th Cir. 1997) ("[S]tates do not have the power, absent absolutely clear congressional direction to the contrary, to regulate transmission lines owned by . . . a federal agency."); Parola v. Weinberger, 848 F.2d 956, 960-62 (9th Cir. 1988) (concluding that federal installation was required to comply with local exclusive garbage collection arrangement for solid waste collection and disposal because 42 U.S.C. § 6961 "unambiguously subjects federal instrumentalities to state and local regulation"); see also Goodyear Atomic Corp., 486 U.S. at 181-83 (clear congressional authorization for application of state statute was provided by 40 U.S.C. § 290 to allow states to apply workmen's compensation laws to federal premises to same extent as such laws are applied to private facilities).

It is not necessary, however, for this Court to decide whether a federal agencies' failure to exercise exclusive jurisdiction over an occupational safety and health issue in California could ever permit a plaintiff to bring suit pursuant to Cal/OSHA at a

...
...
...

federal enclave. Rather, the Court concludes that even under <u>Taylor's</u> permissive standard, Plaintiff has failed to allege sufficient facts to support his theory that the federal agency responsible for SONGS has failed to exercise exclusive jurisdiction such that Plaintiff may bring a § 6310 claim for actions occurring at SONGS. The <u>Taylor</u> court relied on the fact that it was undisputed that Air Force officials allowed California Division of Occupational Safety and Health inspectors to come onto the base to investigate the plaintiff's complaints in concluding that the Air Force was not actively exercising exclusive jurisdiction such that plaintiff could pursue his § 6310 claim regarding activities on the federal enclave. <u>See</u> <u>Taylor</u>, 78 Cal. App. 4th at 484. Therefore, Plaintiff's general allegations that no federal agency with responsibility for health and safety concerns exercises exclusive jurisdiction over SONGS and that the California Division of Occupational Safety and Health has authority over private sector employers and employees at SONGS and has issued citations and conducted investigation as SONGS (FAC ¶ 9) fails to allege a failure by the federal agency responsible for SONGS to exercise exclusive jurisdiction over Plaintiff's complaints of retaliation to allow Plaintiff's § 6310 claim to escape being barred by the federal enclave doctrine. Furthermore, the Court concludes that Plaintiff has demonstrated that he is unable to cure this deficiency. Accordingly, the Court grants with prejudice Defendant's motion to dismiss Plaintiff's claims pursuant to § 6310 of California's Labor Code as it is barred by the federal enclave doctrine.

### III.   Motion to Strike

Since the Court has already granted Defendant's motion to dismiss Plaintiff's sole claim pursuant to § 6310 with prejudice, it denies Defendant's motion to strike Plaintiff's jury demand and demand for certain types of damages as moot.

### IV.   Order to Show Cause

Since the Court has already granted Defendant's motion to dismiss Plaintiff's sole claim pursuant to § 6310 with prejudice, it concludes the order to show cause is moot.

## Conclusion

For the reasons discussed, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss Plaintiff's claim pursuant to § 6310 of California's Labor Code and concludes the order to show cause is moot. Since Plaintiff has no further claims before the Court at this time, the Clerk of Court should close this case.

IT IS SO ORDERED.

DATED: August 27, 2007

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.